## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CODY POWELL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1473-R** |
| | ) | |
| **UNITED STATES DISTRICT** | ) | |
| **COURT FOR THE WESTERN** | ) | |
| **DISTRICT OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

This matter is before the Court pursuant to the Report and Recommendation entered by Magistrate Judge Shon T. Erwin on March 31, 2017.  Doc. No. 8.  Judge Erwin recommends that the Petition for Writ of Mandamus be dismissed without prejudice due to Petitioner's failure to comply with the Order entered January 2, 2017 wherein he was directed to cure deficiencies regarding his motion for leave to proceed *in forma pauperis.* However, for the following reasons, the undersigned declines to adopt the Report and Recommendation and directs that this matter be construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus and be transferred to the United States District Court for the Eastern District of Oklahoma.

Petitioner alleges in his Petition that he was denied his Fourteenth Amendment due process rights in a disciplinary proceeding conducted at Northeast Oklahoma Correctional Center ("NEOCC") located in Vinita, Oklahoma, in which he was found guilty of misconduct. Petitioner states that his appeal was incorrectly denied as being filed out of time.   Petitioner requests that this Court enter an order directing the Oklahoma Department

of Corrections ("ODOC") to dismiss the misconduct he received at NEOCC, return the 365 days of credits forfeited and reinstate his previous classification level.

The only Respondent named in this action is this Court. 28 U.S.C. § 1361, the federal mandamus statute, provides no basis for asserting jurisdiction in this action. Section 1361 provides: "The District Courts shall have original jurisdiction of any action in the nature of mandamus to compel **an officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). By its explicit language, . . . "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL), Inc. v. State of Colo. Dep't of Social Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). Thus, this Court would lack jurisdiction over a mandamus action directed to the ODOC.

Petitioner's Petition could, of course, be construed as a petition under 28 U.S.C. § 2241 seeking habeas relief in a challenge to the execution of his sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence . . . ."); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding 'attacks the fact or duration of a prisoner's confinement.'"). A 28 U.S.C. § 2241 habeas petition must be filed, however, in the district of the petitioner's confinement. *Bradshaw*, 86 F.3d at 166 ("A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."). In this case, Petitioner is confined within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. Construing the Petition as one for habeas relief under 28 U.S.C. § 2241, this Court would lack jurisdiction to consider the merits of the Petition.

*See United States v. Dotson*, 430 Fed.Appx. 679 (10th Cir. 2011) (noting United States District Court for Western District of Oklahoma lacked jurisdiction to consider mandamus petition under 28 U.S.C. § 2241 where petitioner was confined in state of Georgia).

Nevertheless, any "jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires a court to transfer such an action if the transfer is in the interest of justice." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted). Because the relief Petitioner seeks is in the nature of habeas relief, and a 28 U.S.C. § 2241 habeas action would be properly brought in the United States District Court for the Eastern District of Oklahoma, a transfer of the action to that Court would further the interest of justice.

Therefore, for the foregoing reasons, the undersigned DECLINES to adopt the Report and Recommendation, construes this matter as a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and directs that the Clerk of the Court to transfer this case to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 4th day of May, 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE